the right, title, or estate, are given only in case of recovery by plaintiff upon that issue, and are for the supposed trespass by the defendant in unlawfully withholding possession from the plaintiff, and have no reference to the value of the land. They are, therefore, merely incidental to, and contingent upon, the result of the main issue. It is to be observed, moreover, that under this issue the damages are, in practice, only nominal. That they were so regarded by the legislature is evident from the fact that in the statutes, before alluded to, such damages are expressly so nominated. 2 Comp. Laws Mich. p. 1231, § 4560. See, also, Lanning v. Dolph [Case No. 8,073]. Formerly, the real damages in such cases could be recovered only in a separate action. Now, they may be recovered in the same suit, but not in or by the verdict and judgment upon the main issue. Such recovery can be had only after such verdict and judgment, and upon a new issue joined upon a suggestion of damages, as required by the statutes before alluded to. 2 Comp. Laws, p. 1237, § 4596 et seq. I hold, therefore, that in the action of ejectment, the land and premises demanded, when claimed by the plaintiff in fee, as in this case, or when a less estate than the fee is claimed, then the estate, title, interest, or right claimed, as set up in the declaration, is "the matter in dispute" within the meaning of section 11 of the judiciary act of 1789; and that in order to confer jurisdiction upon this court in such cases, it must appear by allegation in the declaration, or by proof, that the value of such land and premises, or of such estate, title, interest, or right, so claimed, exceeds $500.

Such not being made to appear in this case, there is no jurisdiction of the subject matter of the suit in this court. The suit must, therefore, be dismissed, with costs to the defendants.

═══════

CRAWFORD (BUSH v.). See Case No. 2,-224.

═══════

## Case No. 3,367.

### CRAWFORD v. CRUSE.

[Cited in Letty v. Lowe, Case No. 8,285. Nowhere reported; opinion not now accessible.]

═══════

## Case No. 3,368.

### CRAWFORD v. DEXTER et al.

[5 Sawy. 201.][1]

District Court, D. Nevada. July 9, 1878.

#### BOND—ALTERATION.

An alteration in the recitals of a bond, made after its execution, by the attorney of the obligee, without any wrongful or fraudulent purpose, which does not in any manner prejudice the obligees or affect their rights or obligations, is immaterial, and will not destroy the bond.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

Suit on a bond, the facts being as follows: Dexter being a sub-mail contractor under one Adam E. Smith, made a contract with John S. Ullrick, whose assignee in bankruptcy the plaintiff [Israel Crawford] is, and one H. C. Wright, whose interest was transferred to Ullrick before his bankruptcy, by which contract Dexter agreed to pay Ullrick and Wright eighteen hundred dollars per annum for carrying the mail once a week from Aurora, Nevada, to Independence, California, and back. To secure performance of this contract on Dexter's part, the bond in suit was given. The penalty of it is five thousand dollars, and the condition is in these words: "Whereas, the above bounden T. W. Dexter, has this day entered into a contract with said John S. Ullrick and H. C. Wright, whereby they agree to transport the United States mails from the town of Aurora, Nevada, to Independence, California, and back again, once in each week, commencing on the twentieth day of January, 1872, and ending on the thirtieth day of June, 1874, and for which the said T. W. Dexter has agreed to pay said John S. Ullrick and H. C. Wright the sum of eighteen hundred dollars per annum, payable quarterly, or as the same may be received from the United States, or" (here is a caret after the word "or," and an interlineation of the name "Adam E. Smith,") "by said T. W. Dexter." (Here is another caret, and on the margin of the bond a like mark, with the following clause: "And that said Dexter hereby agrees not to run any stage or conveyance for carrying passengers on said route between the town of Aurora and the town of Independence during the time specified in said contract.") "Now, therefore, the conditions of the above obligation are such that if the said T. W. Dexter shall well and truly pay to said John S. Ullrick and H. C. Wright all sums of money as they become due, according to the terms of said contract, reference to which is hereby made, then this obligation to be void, otherwise to remain in full force." The bond is signed by Dexter and the five sureties now defendants. The alterations above mentioned were made by Judge Boring, an attorney, upon the suggestion of Ullrick, one of the obligees. Ullrick suggested those changes when the bond was read over to him by the attorney, and before it had been signed; but it appears from the testimony of a number of the sureties, that the alterations were not in fact made until after the bond was executed, and that they were made without the consent or knowledge of the obligors. Ullrick's belief was and is now that the alterations were made by Judge Boring before signing, at the time he suggested them. These alterations were made without any wrongful or fraudulent purpose on the part of Ullrick. Judge Boring is admitted to have been a perfectly upright man,